

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alton C. Arnold
County Attorney
Brazoria County
Angleton, Texas

Dear Mr. Arnold:

Opinion No. O-7144

Re: Construction of Article 1994, R.C.S., with respect to investment of proceeds of recovery for a minor.

You request an opinion by this Department upon the question stated as follows:

"Some question has arisen as to the interpretation of Article 1994 of Vernon's Annotated Civil Statutes of Texas. The District Clerk of Brazoria County, Texas, and I have been unable to find any authority for a District Clerk to invest funds when paid into the registry of the court and when those funds, in the case of a minor, exceed $500.00. We would appreciate having your opinion upon the following set of facts which I believe correctly states the proposition, and would like to know whether under such facts the District Clerk would be authorized to make such investments as are here mentioned:

"On the 13th day of June, 1946, Cause No. 30279 in the District Court of Brazoria County, Texas, styled Maxie Lloyd Wilbanks, et al v. Hughes Tool Co., et al, came up for hearing on an agreement between the parties to try and dispose of same in vacation. Maxie Lloyd Wilbanks, a minor, 13 years of age, sued by next friend as authorized by Rule 44, Vernon's Texas Rule, Civil Procedure. The father of the minor was also a party Plaintiff.

"Judgment was rendered by the Court approving the agreed settlement between the par-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ties and awarding ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS of the recovery granted plaintiffs to the minor, Maxie Lloyd Wilbanks, and awarding ONE THOUSAND EIGHT HUNDRED FIFTY AND NO/100 ($1,850.00) DOLLARS of recovery to Carl A. Wilbanks, the father.

"M. O. Savage as next friend on June 13, 1946, the same date as the judgment, filed his application, moving the Court to invest the $1,000.00 recovery of the minor in U. S. Government bonds, payable to the order of said Maxie Lloyd Wilbanks, the minor plaintiff.

"On the same date the Court after a hearing on the application for the investment of such funds ordered that the $1,000.00 which had been paid into the registry of the Court for such minor be invested in U. S. Government bonds in the name and payable to the order of Maxie Lloyd Wilbanks.

"Such application and order to invest funds paid into the registry of the Court pending the outcome of this suit was made under Section 4 of Article 1994, Vernon's Annotated Civil Statutes of Texas.

"In view of the contents of Article 2290, Vernon's Annotated Civil Statutes of Texas which provides for the handling of funds deposited in the registry of the Court pending the outcome of litigation, is the order of the Court acting under Section 4, Article 1994 proper, and will the District Clerk acting under such order be then discharged from liability for the safekeeping of such funds?"

Your problem is solved by a proper interpretation of subdivision 4 of Article 1994. The Article deals with the subject of suits by next friend on behalf of minors, lunatics, idiots, or persons non compos mentis, who have no legal guardian. Subdivisions 1 and 2 are superseded by Rule 44 of our Practice and Procedure in Civil Actions, but "Parts 3 to 6 of the Article are not deemed to be repealed, but are considered beyond the scope of the rule-making power." (See comment on Rule 44)

Honorable Alton C. Arnold - page 3


Subdivisions 3 and 4  deal with the control of funds or property recovered by the next friend, and are as follows:

"3.  In such cases when a judgment is recovered for money or other personal property the value of which does not exceed five hundred dollars, the court may by an order entered of record, authorize such next friend or other person to take charge of such money or other property for the use and benefit of the plaintiff when he has executed a proper bond in a sum at least double the value of the property, payable to the county judge, conditioned that he will pay said money with lawful interest thereon or deliver said property and its increase to the person entitled to receive the same when ordered by the court to do so, and that he will use such money or property for the benefit of the owner under the direction of the court.

"4.  The judge of the court in which the judgment is rendered upon an application and hearing, in term time or vacation, may provide by decree for an investment of the funds accruing under such judgment. Such decree, if made in vacation, shall be recorded in the minutes of the succeeding term of the court."

Part 3 deals specifically with a recovery which <u>does not exceed $500.00 in value</u>, so that Section is out of the consideration.

Part 4 deals in general with any judgment in favor of a next friend of such minor, or other incompetent, and expressly provides for a judgment of the court authorizing the investment of the funds accruing under such judgment. This Section covers the case stated by you, and is controlling.

Article 2290 cited by you has no application to your situation, for it deals with money, etc., "paid or deposited in court during the progress of any cause to abide result of any legal proceeding." That is not the case before us.

Patillo v. Allison, 51 S.W. (2) 1041, cited by you, is in point, and supports the conclusion we have here announced.

So that, specifically, your question is answered to the effect that the judgment of the District Court authorizing the in-

vestment of the minor's funds in U. S. Government bonds, payable to the order of the minor, is valid, and the District Clerk would be authoized, and even bound by its terms, and he and his bondsmen would be protected thereunder from any and all liability for having obeyed and executed the judgment.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Assistant

Approved Jul 5, 1946
Carlos C. Ashley
First Assistant
Attorney General

OS-MR-djm

Approved: Opinion Committee
By   GWB
    Chairman